UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAU A. DAVIS, | ) Case No. CV 15-0867-JGB (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| JIM McDONNELL, Sheriff, | ) |
| Respondent. | ) |

On February 6, 2015, Petitioner, a state pretrial detainee, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the apparent denial of his motion to sever the trial of counts in his upcoming criminal prosecution. (Pet. at 3-4 & Attach. Mem. of Law.) Petitioner apparently raised this issue in a petition for writ of mandate filed in the state court of appeal and a habeas petition in the state supreme court; each was denied. (See Pet. Exs. 1 & 2.)

Section 2241(c)(3) permits a federal court to grant relief to a state pretrial detainee who is being held "in custody in violation of the Constitution."[1] But as a general proposition, a

---

[1]Section 2254 does not apply because Petitioner is apparently
(continued...)

1

federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Fort Belknap Indian Cmty. v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

Younger abstention is appropriate if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the federal constitutional claims. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Ninth Circuit has articulated a fourth criterion: that the federal action would "enjoin" the state proceeding "or have the practical effect of doing so." Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 882 (9th Cir. 2011) (internal quotation marks omitted).

Here, all criteria for abstention appear to be satisfied. Petitioner has apparently not even been tried yet. Further,

---

[1](...continued)
not in custody pursuant to a state-court judgment.

criminal proceedings necessarily implicate important state interests. See Younger, 401 U.S. at 43-45.  Finally, even though Petitioner apparently seeks to raise in his federal Petition only claims that have already been rejected by the state courts, nothing in the Petition or its attachments indicates that he has not had and indeed will not have, on appeal, an adequate opportunity to litigate any federal constitutional claims.[2]

A federal court may properly intervene when a petitioner makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435.  Petitioner has not even alleged bad faith or harassment.  Though the list of possible extraordinary circumstances justifying intervention has not been fully articulated, see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003), the circumstances must create a "pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation," Kugler v. Helfant, 421 U.S. 117, 125 (1975).

---

[2] Indeed, when a state criminal case is pending, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); cf. also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct appeal is pending."). "This is because 'the pending appeal may result in reversal of the petitioner's conviction on some other ground, thus mooting the federal question.'" Alvarez v. Barnes, No. CV 13-367-RGK (CW), 2013 WL 3200514, at *3 (C.D. Cal. June 21, 2013) (quoting Sherwood, 716 F.2d at 634).

Here, Petitioner has not explained why he is in immediate need of federal equitable relief, nor has he pointed to any extraordinary circumstance warranting intervention. He asserts that the trial court's apparent refusal to sever trial of the two counts he faces infringes his constitutional right to testify in his own behalf because he desires to testify only as to one of the charges, not the other. (<u>See</u> Pet. Attach. Mem. of Law at 6-7.) But Petitioner's claim does not implicate his custody under § 2241(c)(3) because his right to testify is not one "which is necessarily forfeited by delaying review until after trial." <u>Carden v. Montana</u>, 626 F.2d 82, 84 (9th Cir. 1980) (denying pretrial detainee's speedy-trial habeas claim and distinguishing Double Jeopardy Clause claim because it involves right not to go to trial at all).

IT THEREFORE IS ORDERED that within 14 days of the date of this Order, Petitioner show cause in writing, if he has any, why the Court should not deny the petition without prejudice and dismiss this action under <u>Younger</u>. Petitioner is warned that his failure to timely and satisfactorily respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.

DATED: February 11, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

4