**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAMAU A. DAVIS,<br><br>　　　　　　Petitioner,<br><br>　　　vs.<br><br>JIM McDONNELL, Sheriff,<br><br>　　　　　　Respondent. | Case No. CV 15-0867-JGB (JPR)<br><br>ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE AND ADMINISTRATIVELY CLOSING CASE |

　　On February 6, 2015, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging criminal proceedings pending against him in the state trial court. (Pet. at 3-4.) On February 11, 2015, the Magistrate Judge ordered Petitioner to show cause why his Petition should not be dismissed without prejudice under the principles outlined in <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971), and its progeny. On April 7, 2015, Petitioner responded to the OSC.[1]

　　Petitioner's response provides no basis for this Court to intervene in the state-court proceedings. He asserts that he has

---

[1] Petitioner earlier filed a civil-rights action stemming from the criminal investigation against him and his subsequent arrest; that lawsuit remains pending. <u>See</u> <u>Kamau A. Davis v. Cnty. of L.A. et al.</u>, No. CV 15-0313-JGB (JPR) (C.D. Cal. Jan. 15, 2015).

a liberty interest in having the correct procedures followed in state court, and that that interest is currently being violated. (Resp. at 4.)  But he does not offer any legitimate explanation as to why any error cannot be addressed after trial.  He asserts only that he will be subject to a less generous standard of review in any postconviction federal habeas petition brought under 28 U.S.C. § 2254 than he would be now (Resp. at 4), but of course if that reasoning entitled him to pretrial review it would do the same for all state detainees.  The Court cannot sanction such wholesale flouting of the Antiterrorism and Effective Death Penalty Act's strict limits on obtaining federal habeas relief.

 Nor does Petitioner's assertion that the Magistrate Judge neglected to address four of his five claims for review in her OSC make any difference in the result here.  (Resp. at 6-8.) Quite rightly, the Magistrate Judge did not consider the claims in the Petition on the merits; rather, she tried to discern from them any possible basis for immediately intervening in the state proceedings given that Petitioner had not identified one.  She discussed and rejected the only even theoretical reason why immediate federal action might be necessary.  This Court, too, cannot find any basis for reviewing Petitioner's claims until after his convictions, should he suffer any, are final.

 Accordingly, for the reasons stated above as well as those expressed in the Magistrate Judge's February 11, 2015 Order to Show Cause, the Petition is DISMISSED WITHOUT PREJUDICE to its refiling if Petitioner is ultimately convicted in state court and after that conviction has become final.  Any such petition must

comply with the time limitations of 28 U.S.C. § 2244(d)(1). The Clerk is directed to administratively close this case.

DATED: April 20, 2015

_____
JESUS G. BERNAL
U.S. DISTRICT JUDGE

Presented by:

**JEAN ROSENBLUTH**
Jean Rosenbluth
U.S. Magistrate Judge